IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMBER HANKLA and<br>THOMAS CRAIN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. CIV-17-641-D |
| LASHAVIA LEE, ATLAS Inc.,<br>and NEW HAMPSHIRE<br>INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

# ORDER

Defendant New Hampshire Insurance Company (NHIC) moves to dismiss all claims made against it in Plaintiffs Amber Hankla and Thomas Crain's First Amended Complaint for failure to state a claim upon which relief may be granted [Doc. No. 10]. Plaintiffs have filed their response in opposition [Doc. No. 12] and NHIC has replied [Doc. No. 13]. The matter is fully briefed and at issue.

## BACKGROUND

The First Amended Complaint alleges Plaintiffs were riding a motorcycle (Crain was the operator and Hankla was a passenger) when Defendant Lashavia Lee negligently drove his semi-truck into oncoming traffic. FAC ¶¶ 8-9. Plaintiffs allege that in order to avoid a collision, Crain was forced to lay his motorcycle on its side and slide. *Id.* ¶ 10. As a result of the maneuver, Hankla was ejected from the

motorcycle and Plaintiffs suffered injuries. FAC ¶¶ 11-12. Plaintiffs sued Lee and his employer, Defendant Atlas Inc., under tort theories of negligence, negligence per se, and respondeat superior. FAC at pp. 2-4.

According to the Complaint, Atlas is a Delaware corporation and NHIC is the "interstate[] liability carrier for Lee and Atlas, doing business within the confines of the State of Oklahoma." *Id*. ¶¶ 4-5. Plaintiffs further allege that "pursuant to Oklahoma Statute title 47 § 230.21, et. seq., [NHIC] is jointly and severally liable for the negligence/actions of Lee and Atlas." *Id*. ¶ 22. This statutory provision is called the "Motor Carrier Act of 1995" (MCA or the Act). The MCA makes it unlawful for "any motor carrier to operate or furnish service within [Oklahoma] without first having obtained from the [Oklahoma Corporation Commission] a license," *id*. § 230.28, and requires that the carrier have an approved insurance policy or bond requirement before the commission grants a license. *Id*. § 230.30.

## DISCUSSION

NHIC contends that, under the Act, Plaintiffs are precluded from bringing a direct action against it. Indeed, in *Fierro v. Lincoln Gen. Ins. Co.*, 2009 OK CIV APP 62, 217 P.3d 158, the Oklahoma Court of Civil Appeals (OCCA) was confronted with the question of "whether the Oklahoma Motor Carrier Act of 1995 permits a direct action against an *interstate* motor carrier's liability insurer, when

the interstate motor carrier is properly registered in its home state." *Id*. at 159 (emphasis added). The court answered in the negative.

In reaching its conclusion, the OCCA looked to the Oklahoma Supreme Court's decision in *Daigle v. Hamilton*, 1989 OK 137, 782 P.2d 1379, which held Oklahoma belonged to the majority of States that prohibited joinder of a defendant's insurer unless there existed a contract permitting joinder, such as in uninsured motorist cases, or a statute permitted it.[1] The *Fierro* court noted that Oklahoma took part in the single state system (47 OKLA. STAT. § 162.1) whereby interstate motor carriers register and insure in their home states. To this end, the court noted a direct action was prohibited since § 230.30 of the Act plainly stated that "after judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action." *Fierro*, 217 P.3d at 160 (quoting 47 OKLA. STAT. § 230.30(A)).

The court further noted that the reasons for the prohibition of a direct action against a defendant's insurer "besides statutory directive, include policy, prohibition by judicial decision, lack of privity between the injured plaintiff and the insurer,

---

[1] The court in *Fierro* noted that although 47 OKLA. STAT. §169 permitted a direct action against an insurer where a municipal ordinance required insurance bonds for taxicabs and buses, the *Daigle* Court affirmed the trial court's dismissal of the insurer in an ordinary automobile negligence action and held that the compulsory insurance statute was not sufficient authority to authorize a direct action against an insurer. *Fierro*, 217 P.3d at 160.

3

misjoinder of the tort action and the action on the contract, and the enforcement of the 'no-action' clause in the policy." *Id*. at 160-61 (quoting *Daigle*, 782 P.2d 1380). Accordingly, the court affirmed summary judgment to the insurer and found the plaintiff was barred from bringing a direct action since he had not shown an infraction sufficient to make the insurer a defendant under the MCA, *id*. at 160, and he could proceed against the insurer if he prevailed in his lawsuit and the insurer did not fulfill its duty after judgment was entered. *Id*.

Post-*Daigle* and *Fierro*, Oklahoma federal courts have been unanimous in holding that insurance companies for interstate carriers who have not filed proof of insurance in Oklahoma may not be named as joint defendants. *See, e.g., Simpson v. Litt*, No. CIV-17-339-R, 2017 WL 2271484, at *3 (W.D. Okla. May 23, 2017) ("The Oklahoma Supreme Court in *Daigle* seemed to lay a blanket rule that a plaintiff could maintain a joint, direct action against the carrier and the insurer by virtue of the carrier's obligation to maintain insurance under the statute. …Under that reasoning, § 230.30 would seem to allow Mr. Simpson to state a claim here. Unfortunately for him, the Oklahoma Court of Civil Appeals carved out an exception to this rule in *Fierro* … because neither § 169 nor § 230.30 applies to *interstate* motor carriers, the interstate carrier's insurance company cannot be named as a defendant prior to judgment being entered against the carrier.") (emphasis in

original, collecting cases).² Courts have noted a direct action against an insurer may be proper "if the Oklahoma Corporation Commission has issued it a motor carrier license." *Id*.

Plaintiffs' response states they cannot admit or deny, as their pleading alleges, whether NHIC is the interstate liability carrier for Atlas. Pl. Resp. at 2. Plaintiffs further state they do not know whether Atlas was properly registered in its home state. *Id*. at 4. Plaintiffs only state that NHIC is a proper party under §§ 169 and 230.30, *id*. at 2-4, and conclude by asserting "Plaintiffs have asserted a cause of action against New Hampshire Insurance Company pursuant to the Oklahoma's motor carrier act of 1995. Defendant now bears the burden of establishing that there is no possible cause of action against them." *Id*. at 4.

This statement is incorrect. Plaintiffs have the burden—in the first instance—of pleading sufficient factual allegations, which, if taken as true, "state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must "nudge [their] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id*. Mere labels, conclusions, or formulaic recitations of the elements of a cause of action will not suffice. *Id*. at 1191.

---

² Indeed, the issue in *Simpson* was "whether [the insurer] may be named as a defendant prior to judgment being entered against its insured." *Id*. at *1.

Here, Plaintiffs' complaint only sets forth the bare assertion that NHIC is liable under the MCA. First Amended Complaint ¶ 22 ("pursuant to Oklahoma Statute title 47 § 230.21, et. seq., [NHIC] is jointly and severally liable for the negligence/actions of Lee and Atlas."). Plaintiffs, however, do not cite any facts sufficient to make NHIC a defendant under the MCA. *Fierro*, 217 P.3d at 160. Accordingly, the Court finds that NHIC's Motion to Dismiss should be granted. Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore County, Okla.*, 712 F.2d 444, 446 (10th Cir.1983). Leave to amend is not automatic and may be properly denied where an amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2004). Indeed, a court properly may deny amendment as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *E.spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004).

Although amendment may be futile in light of the aforementioned discussion, the Court is unwilling to state that, at this stage of the proceedings, Plaintiffs are unable to state a claim upon which relief may be granted. Accordingly, dismissal is without prejudice to Plaintiffs' right to file an amended complaint.

## CONCLUSION

Defendant's Motion to Dismiss [Doc. No. 10] is **GRANTED** as set forth herein, without prejudice to Plaintiffs' right to amend their complaint. Plaintiffs shall file their amended complaint within **twenty (20) days** of this Order, or seek an extension of time in which to do so.

**IT IS SO ORDERED** this 25th day of January 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE